UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DWAYNE SCOTT BERRY,

        Petitioner,

v.                                      Case Number 08-10010
                                       Honorable Thomas L. Ludington

BLAINE LAFLER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO COMPEL, DENYING MOTION FOR APPOINTMENT OF COUNSEL, DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY, DENYING MOTION TO EXPAND THE RECORD, DENYING MOTION FOR AN EVIDENTIARY HEARING, DENYING MOTION FOR ORAL ARGUMENT, AND GRANTING IN PART AND DENYING IN PART MOTION FOR A STAY**

Petitioner Dwayne Scott Berry, currently confined at St. Louis Correctional Facility in St. Louis, Michigan, has filed a pro se petition for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's convictions and sentence under Michigan law for armed robbery and felony firearm on grounds that: (1) there was insufficient evidence to support the armed robbery conviction; (2) Petitioner's right to confront the witnesses against him was violated when a detective testified about his codefendant's incriminating statement; (3) the prosecutor suppressed the victim's medical records and photographs of his injuries; (4-5) Petitioner was deprived of effective assistance of counsel by his trial attorney's failure to object to the detective's testimony about the co-defendant's statement, for failing to request a jury instruction on a lesser-included offense, and for failing to object to offense variable 7 of the Michigan sentencing guidelines; (6) the trial court increased the sentencing guidelines range on the basis of facts not proved to a jury; and (7) appellate counsel was ineffective for failing to raise some of these claims in the appeal of right.

Respondent asserts in an answer to the habeas petition that Petitioner's claims lack merit, are procedurally defaulted, or are not cognizable on habeas review.

Currently pending before the Court are Petitioner's motions (1) to compel Respondent to file supplemental materials, (2) to stay these proceedings pending resolution of Petitioner's motions and completion of the fact-development process, (3) for appointment of counsel, (4) to conduct discovery, (5) to expand the record, (6) for an evidentiary hearing on Petitioner's ineffective-assistance-of-counsel claims, and (7) for oral arguments.

Petitioner's motion to compel Respondent to file supplemental materials [Dkt. # 11] and his motion to expand the record [Dkt. # 19] are denied as moot because Respondent has filed the materials that Petitioner requested. Petitioner's motion to stay these proceedings pending resolution of his motions and completion of the fact-development process [Dkt. # 15] is granted to the extent that the Court has refrained from adjudicating his habeas claims while his motions remained pending. But the motion is denied to the extent that Petitioner seeks a further stay of these proceedings for additional fact finding.

Petitioner's motion for appointment of counsel [Dkt. # 17] is denied because Petitioner has no absolute right to appointment of counsel on habeas review, *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)), and the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B). The motions for oral arguments and for an evidentiary hearing [Dkt. # 20–21] are denied, as neither is necessary for fair adjudication of Petitioner's claims. Additionally, oral hearings are generally not held on "motions in civil cases where a party is in custody." E.D. Mich. L.R. 7.1(e).

The scope and extent of discovery is discretionary with the Court, *Bracy v. Gramley*, 520

U.S. 899, 909 (1997), and Petitioner has failed to show that he is confined illegally and would be entitled to relief if the facts were more fully developed. The Court therefore is under no obligation "to provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969). Accordingly, the motion to conduct discovery [Dkt. # 18] is denied.

It is **ORDERED** that Petitioner's motions to compel, for appointed counsel, for leave to conduct discovery, to expand the record, for an evidentiary hearing, and for oral argument [Dkt. # 11, 17–21] are **DENIED**.

It is further **ORDERED** that Petitioner's motion to stay proceedings [Dkt. # 15] is **GRANTED IN PART** and **DENIED IN PART**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 25, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 25, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS